HARTZ, Circuit Judge
concurring/dissenting.
I join Judge Tymkovich’s impressive opinion except in two respects. First, I would not recognize any restrictions on the validity of Fed.R.Evid. 401 in diversity cases. Second, I would not hold that it was harmless error to exclude the seatbelt evidence.
It seems to me that my view of the validity of Rule 401 follows inexorably from the logic of the opinion itself. The opinion convincingly establishes that Rule 401 is not subject to the Rules of Decision Act or the Rules Enabling Act. And Stewart, Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), imposes no limits on Rule 401 because it is “capable of classification as a procedural rule,” id. at 32, 108 S.Ct. 2239. Indeed, it is a quintessential procedural rule.
This is not to say that Rule 401 can be applied in diversity cases without reference to state substantive law. Far from it. State law governs the plaintiffs cause of action and the defendant’s defenses. The trial court must look to that law when deciding whether evidence meets Rule 401’s definition of relevant evidence: “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” If state law renders evidence of no consequence to resolution of the claim, then the evidence is irrelevant under Rule 401.
For example, if Oklahoma law says that failure to wear a seatbelt is not negligence for the purpose of determining a plaintiffs comparative fault in a tort case, then evidence of such failure is not relevant under Rule 401 when offered to prove such comparative fault. Similarly, if, under a state parol-evidence rule, the contract between two parties does not incorporate oral agreements that contradict the terms of the written contract, then evidence of the oral agreement is not relevant under Rule 401. Thus, in a sense, application of Rule 401 in a diversity ease requires examining whether a state rule of evidence is one of procedure or of substance. If the state rule is one of substance because it determines that a fact (such as seatbelt use) is or is not, in the words of Rule 401, “of consequence to the determination of the action,” then the state rule governs the application of Rule 401. If, however, the state rule is “substantive” only in some other sense, it does not affect application of Rule 401.
*896 The approach that I prefer leads to the same conclusions reached by the majority opinion regarding the admissibility of evidence in this case. Perhaps application of the majority’s formulation will never differ from what I conceive to be the proper rule. Future cases will tell. I do, however, think that a virtue of my approach (besides being, in my view, correct) is that it makes the trial judge’s task more straightforward. Just apply Rule 401 on its own terms, and the ruling will be correct.
Turning now to harmless error, the majority and I agree that the district court erred in excluding the evidence that Mr. Sims had a habit of fastening his seatbelt but had not done so when he drove to his death. In what I view as a close case, this significant evidence could have changed the result. I would therefore reverse the breach-of-contract judgment and remand for a new trial.
My chief disagreement with the majority opinion on this point is not, however, its conclusion. Reasonable people can differ on whether the failure to admit the seat-belt evidence was harmless error. My particular concern is one aspect of the majority’s analysis-the reference to the jury’s verdicts on bad faith and punitive damages. The majority reasons that this jury must not have found the suicide issue to be a close call because it proceeded to rule against the insurer on bad faith and punitive damages. Because, as the majority opinion notes, the general rule is that one looks at the specific jury in assessing whether error is harmless, the majority’s conclusion appears to follow. But I am not persuaded. To be sure, the jury did find bad faith and award punitive damages. On appeal, however, we set aside both findings for lack of evidence. In other words, the jury’s fact finding was unreasonable. It seems peculiar to base our harmless-error ruling on a jury’s unreasonable, irrational finding on another issue. In this circumstance, I think the proper approach is not to look at this particular jury (or at least this jury’s findings on bad faith and punitive damages) in assessing whether error was harmless but to consider what a hypothetical rational jury would do.